IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>   v.<br><br>HE LI,<br><br><br>   Defendant. | Case No. 1:20-cr-114<br><br>The Honorable Anthony J. Trenga<br>Sentencing Hearing: Dec. 16, 2020 |

**AMENDED POSITION OF THE UNITED STATES
WITH RESPECT TO SENTENCING**

The United States of America, through its attorneys, G. Zachary Terwilliger, United States Attorney, William Fitzpatrick, Assistant United States Attorney, and Viviana Vasiu, Special Assistant United States Attorney, in accordance with 18 U.S.C. § 3553(a) and the United States Sentencing Commission Guidelines Manual ("Guidelines" or "U.S.S.G."), hereby submits its position with respect to sentencing for He Li (hereinafter, the "Defendant"). The United States has reviewed the final Presentence Investigation Report ("PSR") and concurs with the findings of the Probation Office and agrees that the applicable advisory Guidelines range is 63 to 78 months imprisonment.

On June 12, 2020, the Defendant entered a guilty plea to a one-count Criminal Information charging him with conspiracy to commit wire fraud, in violation of 18 U.S.C. §1349. *See* Presentence Investigation Report ("PSR") ¶ 3, Dkt. 42.   As described in greater detail below, the Defendant's plea was predicated on his role in a scheme to trick victims into purchasing gift cards, transferring the gift cards' redemption codes to members of the conspiracy, and then quickly redeeming the value of those cards before the fraud was detected.

For the reasons set forth in its separate motion pursuant to U.S.S.G. §5K1.1, the government asks the Court to depart downward from the guidelines range by 50 percent as a result of the Defendant's substantial assistance. Further, in light of all the facts attendant to this Defendant's participation in this scheme, as well as other sentencing factors under 18 U.S.C. § 3553(a), the government submits that he merits a below-guidelines sentence for reasons beyond those related to his cooperation, and ultimately recommends that the Court (1) sentence the Defendant to a term of 15 months imprisonment; (2) a term of three years of supervised release; and (3) order restitution and forfeiture in the amount of $45,964.58. Such a sentence would be sufficient, but not greater than necessary, to accomplish the sentencing objectives identified in 18 U.S.C. § 3553(a).

## I.  FACTUAL BACKGROUND

The Defendant was part of a wire fraud conspiracy that operated from on or about June 27, 2019, to on or about January 27, 2020. *See* Presentence Investigation Report ("PSR") ¶ 17, Dkt. 42. In sum, unidentified members of the conspiracy contacted victims through telephone or social media and assumed fictitious identities, including falsely claiming to be from the Internal Revenue Service or an employee of a financial institution, among other subterfuges, and falsely told victims they were entitled to money or under some form of immediate financial threat, such as having their personal identification compromised by known criminals. *Id.* at ¶ 18. These unidentified co-conspirators used these ruses and others to trick the victims into purchasing gift cards and then sending to them by wire communication the gift cards' redemption codes. The redemption codes allow the gift cards to be redeemed without being in possession of the physical card.  The Defendant and others then used the fraudulently obtained redemption codes to purchase goods and services from Walmart or Sam's Club stores. *Id.*   The Defendant and his

conspirators would often use the fraudulently obtained redemption codes the same day or the day after they were transferred from the victim to the unidentified co-conspirator. *Id.* at ¶¶ 18-25. Based on records provided by Walmart and Sam's Club, this conspiracy caused over 500 victims to fraudulently purchase $1,151,000 in gift cards. *Id.* at ¶ 29.1

## II. LOSS AND RESTITUTION

As the final PSR accurately notes, investigators have been able to identify approximately $1,151,000 in losses resulting from the fraudulent redemption of gift cards at Walmart and Sam's Club stores that impacted more than 500 victims. *Id.* Nevertheless, due to the complicated and time-consuming process involved in identifying victims, only 19 victims that suffered actual losses, based on interviews with law enforcement, have been identified. The PSR lists 13 of those identified victims that responded to requests for victim impact statements and declaration of losses. *Id.* The full list of the 19 identified victims is presented below:

**Table 1**

| Victim | Loss Amount |
|---|---|
| CB | $2,000.00 |
| CS | $27,000.00 |
| CH | $1,500.00 |
| JY | $35,000.00 |
| WK | $2,000.00 |
| JA | $2,000.00 |
| BJ | $7,500.00 |
| CS | $4,000.00 |
| SM | $73,110.00 |
| JC | $1,500.00 |
| LG | $2,500.00 |

---

1 This loss amount includes only Sam's Club fraudulent gift card redemptions. This loss amount and number of victims was calculated through Walmart Global investigations, which tracked the fraudulent gift card redemptions through use of the Sam's Club memberships that belonged to the Defendant and other co-conspirators. Walmart Global investigations also provided video footage and still images of the Defendant and other co-conspirators making these fraudulent gift card redemptions through their Sam's Club memberships.

| JP | $5,000.00 |
| --- | --- |
| JF | $9,636.00 |
| MA | $1,000.00 |
| AK | $980.00 |
| LB | $3,299.05 |
| CK | $3,250.00 |
| TM | $1,000.00 |
| MP | $33,828.58 |

Because the Defendant's plea agreement agreed that restitution is mandatory pursuant to 18 U.S.C. § 3663A and to "the entry of a Restitution Order for the full amount of the victims' losses," (ECF. No. 36), the United States respectfully requests that a restitution order be entered in the amount of $45,964.58.[2] At the time of sentencing, the United States will, pursuant to the terms of the plea agreement, present to the Court restitution and forfeiture orders reflecting these calculations.

### III. STANDARDS GOVERNING SENTENCING

As the Court well knows, the sentencing Guidelines are advisory and should be taken into consideration with the 18 U.S.C. § 3553(a) factors in making a sentencing decision. *United States v. Booker*, 543 U.S. 220, 264 (2005); *see also United States v. Kimbrough*, 552 U.S. 85, 90 (2007) (stating that "the Guidelines, formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence"). In *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court instructed that the sentencing court should calculate the sentencing Guidelines range, permit the government and the defendant "an opportunity to argue for whatever sentence they deem appropriate," consider all of the § 3553(a) factors, and finally pronounce a sentence taking into account all of the relevant factors. *Id.* at 49. The Court further

---

2 Based on victim interviews conducted by law enforcement, the government traced the losses of victims J.F, M.A., C.H., and M.P. directly to the Defendant's membership card, resulting in a loss amount of $45,964.58.

instructed that, in the event that the sentencing court decides to impose a variance, the court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* (noting that a "major departure should be supported by a more significant justification than a minor one").

Applying these standards, the Fourth Circuit has concluded that a sentencing court must: "(1) properly calculate the Guideline range; (2) allow the parties to argue for the sentence they deem appropriate and determine whether the § 3553(a) factors support the sentences requested by the parties; and (3) explain its reasons for selecting a sentence." *United States v. Simmons*, 269 Fed. Appx. 272, 2008 WL 681764, at *1 (4th Cir. March 11, 2008) (citing *United States v. Pauley*, 511 F.3d 468, 473 (4th Cir. 2007)). When "rendering a sentence, the district court must make and place on the record an individualized assessment based on the particular facts of the case." *United States v. Cuthrell*, No. 12-4077, 2012 WL 3643677, *1 (4th Cir. Aug. 27, 2012) (citing *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009)). Ultimately, the court "must state in open court the particular reasons supporting its chosen sentence." *Carter*, 564 F.3d at 328 (quoting 18 U.S.C. § 3553(c)).

Section 3553 states that a court should consider the nature and circumstances of the offense and history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). In addition, it mandates that a court consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" and "to afford adequate deterrence to criminal conduct." 18 U.S.C. §§ 3553(a)(2)(A) & (B). The sentence should also protect the public from further crimes of the defendant. 18 U.S.C. §§ 3553(a)(2)(C).

## IV.     THE ADVISORY GUIDELINES RANGE

The United States agrees with the United States Probation Office ("Probation") calculation of the Guidelines for this Defendant in the final PSR. Specifically, the United States agrees that the applicable Guidelines provision is 2B1.1 and the base offense level is 7. §§2X1.1(c) and 2B1.1(a)(1)(A). Because the loss amount is more than $550,000 but less than $1,500,000, the offense level is increased by 14. §2B1.1(b)(1)(J). Further, because the offense involved 10 or more victims, the offense level is increased by 2. §2B1.1(b)(2)(A). And, because the offense involved trafficking in unauthorized access devices, the offense is further increased by a total of 2 points. §2B1.1(b)(11)(B)(i). As the Defendant also relocated, or participated in relocating, a fraudulent scheme to another jurisdiction to evade law enforcement, the offense is increased by another 2 points. In addition, because the Defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), the offense level is further increased by 2 points. §3B1.1(c).

Further, and as the PSR properly accounts for, pursuant to the terms of the plea agreement, the parties agree that the Defendant assisted the United States in the investigation and prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently. As a result, it is the position of the United States that the Defendant qualifies for a two-level decrease in offense level pursuant to U.S.S.G. § 3E1.1(a), and the United States hereby moves the Court to award an additional one-level decrease in the offense level pursuant to U.S.S.G. § 3E1.1(b).

The above Guidelines calculation results in a total offense level of 26. After determining that the Defendant's criminal history falls within Category I, Probation properly calculated the

Guidelines range to be 63 to 78 months.

**V.      18 U.S.C. § 3553(a) FACTORS**

Once the Court has properly calculated the Guidelines range, the Court must then consider the factors identified in 18 U.S.C. § 3553(a) to fashion a reasonable sentence. *Gall v. United States*, 552 U.S. 38 (2007). With respect to 18 U.S.C. § 3553(a)'s enumerated factors, of particular relevance here are the "nature and circumstances of the offense," the need for the sentence "to reflect the seriousness of the offense" and provide "just punishment," the need "to promote respect for the law," the need to avoid "unwarranted sentencing disparities," and the need for the sentence "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(6), (a)(7).

  A. **The requested sentence is necessary based on the nature and circumstances of the offense and would adequately reflect the seriousness of the offense. 18 U.S.C. §§ 3553(a)(1) & (2).**

The nature and circumstances of the offense are quite serious. The Defendant joined a conspiracy that resulted in over 500 victims and losses of approximately $1,151,000 in a relatively brief timeframe.  The scheme was designed to trick or intimidate victims into immediately purchasing gift cards and transferring their value to members of the conspiracy.  At this point, the United States cannot identify the architects of the scheme or the specific co-conspirators who engaged the victims.  Nevertheless, the Defendant played an important role in the success of this scheme.  As previously noted, (1) the Defendant used the redemption codes to purchase goods and services, often quickly to avoid detection; (2) the Defendant used the fraudulently obtained redemption codes at stores up and down the East Coast in order to avoid detection; (3) the Defendant used different aliases and store accounts to avoid detection; and, (4) the Defendant recruited others to use the fraudulently obtained redemption codes to purchase goods and services.

> **B.     The requested sentence would provide "just punishment," "promote respect for the law," and "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2).**

General deterrence is an important factor in any case, but it is especially important with respect to fraudulent schemes like this one, in which conspirators impersonate government officials and use other ruses to prey on desperate and vulnerable victims and then take premeditated steps to avoid detection.   A sentence of 15 months would send a strong message to deter other would-be fraudsters regarding the serious consequences of targeting victims and using such ruses to effectuate their schemes. *See, e.g.*, *United States v. Martin*, 455 F. 3d 1227, 1240 (11th Cir. 2006) (noting that, "[b]ecause economic and fraud-based crime are more rational, cool, and calculated than sudden crimes of passion or opportunity, these crimes are prime candidates for general deterrence").

> **C.  The requested sentence would "avoid unwarranted sentence disparities" with other defendants. 18 U.S.C. § 3553(a)(6).**

A sentence of 15 months and three years of supervised release would also avoid unwarranted sentence disparities. One other co-conspirator has already been sentenced in connection with this scheme to 7 months and 5 days imprisonment, which amounted to time served, and three years of supervised release. *See United States v. Shouming Sun*, No. 1:20-cr-113 (E.D. Va), ECF No. 54. The Defendant's sentence should be higher than Sun's so as to reflect his greater culpability as a recruiter in the scheme and the longer time period of the Defendant's involvement in the scheme.

> **D.     The requested sentence would fully account for the "history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).**

Further, the Defendant committed this crime as an adult, possessing the maturity and background to make lawful choices. The PSR notes that he came from a family that provided

adequate emotional and financial support. Instead of using his Associates degree in accounting, skills in acupuncture and massage, or employment history in chemical product sales or as a delivery driver to earn a legitimate living, the Defendant instead opted to join a conspiracy that resulted in a significant number of victims and loss in a relatively brief timeframe. Further, the Defendant's role in the conspiracy was not limited to being a member. Instead, the Defendant furthered this conspiracy as a supervisor by recruiting other members of the conspiracy, to include co-conspirator Shouming Sun. Thus, considering the choice that the Defendant made to join a conspiracy as both a member and recruiter, regardless of having the background, maturity, and opportunity to earn a legitimate living, a sentence of 15 months would justly punish, promote respect for the law, and adequately deter the Defendant and others from making similar choices.

The Defendant, however, did fully accept responsibility in a timely manner and has taken affirmative steps towards correcting his past conduct.

## VI. CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court find that the guidelines in this case are properly calculated, resulting in an advisory sentencing range of 63 to 78 months. The United States asks the court to depart from that guideline range by 50 percent for the reasons set forth in the separate motion. Further, in light of all the facts and circumstances, the government recommends that the Court depart further from the guideline range and sentence this Defendant to a term of 15 months imprisonment, a term of three years of supervised release, as well as enter the proposed forfeiture and restitution orders in the amount of $45,964.58. Such a sentence would appropriately account for each of the factors set forth in 18 U.S.C. § 3553(a).

Dated: December 9, 2020

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

_____/s/_____
Viviana Vasiu
Special Assistant U.S. Attorney
William Fitzpatrick
Assistant U.S. Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of December, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send an electronic copy to the following counsel of record:

Cheng Yun Law PLLC
6088 Franconia Road, Suite D
Alexandria, VA 22310
jcheng@chengyunlaw.com

In addition, I hereby certify that on the 9th day of December, 2020, I emailed a copy of the foregoing to the U.S. Probation Officer assigned to this matter.

Karen M. Riffle
Supervising U.S. Probation Officer
Albert V. Bryan United States
Courthouse 401 Courthouse Square, 3rd
Floor Alexandria, VA 22314
Karen_Riffle@vaep.uscourts.gov

                                                  /s/
                                    Viviana Vasiu
Special Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314