# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 1:20-CR-114 (AJT) |
| | ) |
| HE LI, | ) |
| | ) |
| Defendant. | ) |

## CONSENT ORDER OF FORFEITURE

WHEREAS, on June 12, 2020, the defendant, He Li, pleaded guilty to a single-count criminal information charging the defendant with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349, and agreed to the entry of a forfeiture money judgment and the forfeiture of assets that are the subject of this order;

WHEREAS, the defendant obtained at least $45,964.58, an amount that represents the proceeds obtained by the defendant from his participation in the offense;

AND WHEREAS, the defendant agrees to waive the provisions of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2(a), 32.2(b)(4) and 43(a) with respect to notice in the criminal information that the government will seek forfeiture as part of any sentence in this case, and that entry of this order shall be made a part of the sentence, in or out of the presence of the defendant, and included in the Judgment in this case without further order of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The United States of America shall have a forfeiture money judgment, pursuant to Fed. R. Crim. P. 32.2 (b)(1) & (2), 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. 2461(c), against the

defendant, He Li, for $45,964.58, an amount that represents the illegal proceeds the defendant obtained from his participation in the offense of conviction.

2. The United States of America may collect said judgment by all available means, including but not limited to the forfeiture of direct proceeds and substitute assets.

3. The following property seized from the defendant's residence and vehicle in Chantilly, Maryland on March 3, 2020, pursuant to the execution of a federal search warrant and a consensual search is forfeited to the United States of America, pursuant to 18 U.S.C. §981(a)(1)(C) and 28 U.S.C. §2461(c), as proceeds traceable to wire fraud conspiracy. The money judgment set forth in paragraph 1 above shall be partially offset by the government's net from these items at final forfeiture:

    a. Miscellaneous checks totaling at least $5,000; and
    b. Assorted gift cards.

4. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States is authorized to conduct any appropriate discovery including depositions, interrogatories, requests for production of documents and for admissions, and pursuant to Fed. R. Civil P. 45, the issuance of subpoenas.

5. The Attorney General, Secretary of Homeland Security, Secretary or the Treasury, or a designee, is hereby authorized to seize, inventory, and otherwise maintain custody and control of the property, whether held by the defendant or by a third party, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture pursuant to Fed. R. Crim. P. 32.2 (b)(3) and 21 U.S.C. § 853(g).

6. The United States shall publish notice of this order and of its intent to dispose of the property in such manner as the Attorney General may direct, including publication on the Government's Internet site, www.forfeiture.gov , for 30 consecutive days, and to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the property pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. §853(n)(1) & (2).

7. This Order of Forfeiture is final as to the defendant, and shall be made part of the defendant's sentence and included in the Judgment in this case pursuant to Fed. R. Crim. P. 32.2(b)(4).

8. Any person, other than the defendant, asserting any legal interest in the property may, within thirty (30) days of the final publication of notice or his receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest in the property pursuant to Fed. R. Crim. P. 32.2(c)(1) and 21 U.S.C. § 853(n)(2).

9. If no third party files a timely petition, this Order shall become the Final Order of Forfeiture, and the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C.§853(n)(7).

10. If this Court grants any third-party rights, a Final Order of Forfeiture that amends this Order as necessary to account for said third party rights, shall be entered pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(6).

December___, 2020

Date: 12/16/20
Alexandria, Virginia

/s/
Anthony J. Trenga
United States District Judge Anthony J. Trenga

WE ASK FOR THIS:

G. Zachary Terwilliger
United States Attorney
Eastern District of Virginia

By: _____/s/_____
William Fitzpatrick
Assistant United States Attorney
Viviana Vasiu
Special Assistant United States Attorney

HE LI
HE LI
Defendant

Shaoming Jerry Cheng, Esq.
Counsel for the Defendant